BRUNOT, Justice.
 

 On the allegations contained in the relator’s application for writs of certiorari, prohibition, and mandamus, a rule to show cause, coupled with a stay order, was issued herein. In response to the rule, the district judge and Philip Rusciano, respondents, have filed answers thereto. The last-named respondent has also filed an exception to the jurisdiction of this court and a motion to dismiss relator’s application for writs.
 

 We are not impressed with either of said pleas, and will dismiss them without comment.
 

 It is shown that on June 4, 1935, Philip Rusciano filed suit against relator, and on October 4, 1935, a judgment was rendered in said suit, in his favor and against the relator, for $1,835.74, together with interest, attorney’s fees, and costs.
 

 Relator alleges that prior to the filing of said suit it was placed in voluntary liquidation, pursuant to the provisions of Act No. 250 of 1928, as amended by Act No. 65 of 1932, and that the liquidators were not cited and made parties defendant to said suit. Relator further alleges that, while the said suit was pending, it applied for and was granted a moratorium or suspension of all laws or parts of laws of the state relative to the enforcement of payment of its indebtedness to Philip Rusciano, the plaintiff in said suit, for the period beginning June 19, 1935, and ending May 24, 1936. It was on this showing, by relator, that the rule to show cause and the stay order of this court was issued.
 

 Both respondents, in their respective returns, show that neither had any knowledge of the alleged liquidation proceedings of the relator corporation, prior to or on June 4, 1935, and that thereafter no exception, objection, or plea of any kind was filed by relator or its alleged liquidators in the suit filed by Philip Rusciano against relator on that date. Respondents further show that the moratorium relied upon by relator was “granted on the condition that said Italian Strawberry Association, Inc., pay the interest due on the indebtedness to respondent, and further that said Italian Strawberry Association, Inc., deliver and pledge to respondent promissory notes owned by it in an amount equal to the indebtedness due respondent, such notes to be held as collateral for said indebtedness, and said notes to be selected by the attorney for respondent from among the notes held' by said Italian Strawberry Association, Inc.”
 

 It is shown that the Italian Strawberry Association, Inc., tendered respondent Philip Rusciano its check for the amount of the interest then due on its indebtedness to him, but refused to comply with the other conditions imposed as conditions precedent to the suspension of the laws relative to the enforced payment of the debt due by relator to respondent Philip Rusciano.
 

 
 *503
 
 With all the facts before this court, it is apparent that the rule to show cause and the stay order issued herein should be recalled and vacated, and the relator’s application for writs of certiorari, prohibition, and mandamus should be dismissed at relator’s cost, and it is so ordered.